Case 5:14-cv-00425-DEW-MLH Document 44 Filed 09/05/14 Page 1 of 9 PageID #: 456



RECEIVED

SEP - 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDGAR L. ROGERS d/b/a HUMAN UTILITIES WHOLE ARMOUR, INC., | CIVIL ACTION NO: 14-425 |
| VERSUS | JUDGE DONALD E. WALTER |
| RAYCOM MEDIA, INC., ET AL. | MAG. JUDGE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court are several motions in response to *pro se* Plaintiff's lawsuit involving the alleged wrongful copying of his work and a myriad of other allegations. Plaintiff attempts to assert 14 Counts of federal and state constitutional and statutory violations. The specific motions before this Court include the following: (1) motion to dismiss for failure to state a claim filed by Defendant Joseph David Kent [Doc. 19]; (2) motion to dismiss for failure to state a claim filed by Defendant Timothy Dewayne Antwine [Doc. 20]; (3) motion to dismiss for failure to state a claim and a special motion to strike filed by Defendants Raycom Media, Inc., James Smith, Jayne Ruben, Domonique Benn and KSLA License Subsidiary, LLC [Docs. 27, 28]; (4) motion to dismiss for failure to state a claim filed by Defendants Mayor Cedric Glover and Burnadine Anderson [Doc. 29]; and (5) a motion to strike filed by Plaintiff [Doc. 39]. Having considered the motions, the responses, the pleadings, the entire record, and the applicable law, this Court concludes that Plaintiff fails to state a claim upon which relief may be granted as to any of his 14 Counts. There are no plausible claims against any Defendant. The Court agrees with the reasons urged in support of the pending motions to dismiss. Accordingly, the motions to dismiss are **GRANTED**, Plaintiff's suit is **DISMISSED**

1

**WITH PREJUDICE**, and the motions to strike are **DENIED** as moot. Ultimately, this case is dismissed in its entirety.

## I. BACKGROUND

This a suit filed by *pro see* Plaintiff Edgar Rogers (d/b/a Human Utilities Whole Armour) who complains about the alleged wrongful copying of his work and the subsequent distribution of this work.[1] Plaintiff also alleges that the Defendants conspired to restrain and destroy his plan to invest and develop economic projects in the Lakeside/Allendale neighborhoods in Shreveport, Louisiana. Notably, Plaintiff contends that the Defendants somehow conspired against him on a community, local, national, and global level. The Complaint attempts to assert 14 Counts of federal and state constitutional and statutory violations. The Complaint names nine Defendants, and all Defendants seem to be charged in each Count.

The Complaint largely serves as a 42-page autobiography of the Plaintiff's professional background and a catalog of his various accomplishments and grievances. Plaintiff alleges that he produced a motion picture, *BTW The Movie "Welcome to the Lions' Den,"* about Booker T. Washington High School in Shreveport. Plaintiff contends that he obtained original historic photographs and video footage at Louisiana State University-Shreveport ("LSUS") of the 1963 tear gassing incident at Booker T. Washington High School.[2] Plaintiff allegedly incorporated some of the photographs and video footage he found into two films he made about the high school and the incident.[3] Significantly, Plaintiff does not allege that he created or owned the photographs and video

---

[1] Doc. 1 (Complaint).

[2] *Id.* Plaintiff claims he found the footage at the Noel Memorial Library on the LSUS campus.

[3] Plaintiff alleges that he made two films: *BTW The Movie "Welcome to the Lions' Den"* and *BTW the History*.

footage -- only that he obtained or found them in the LSUS archives. Further, Plaintiff claims he registered the two films he made with the United States Copyright Office but he does not provide the copyright registration number or any information regarding the copyrights.[4]

The gravamen of Plaintiff's suit is that the Defendants used the photographs and video footage that he allegedly discovered at the LSUS library. Plaintiff argues that Defendants Joseph David Kent and Timothy Dewayne Antwine produced a documentary motion picture that allegedly includes some of the same photographs and video footage of the civil rights demonstrations in 1963 that Plaintiff claims he found at LSUS. Specifically, Plaintiff asserts that Mr. Kent and Mr. Antwine used the tear gassing video footage in their documentary and that Defendant KSLA aired the film and made viewers think that Mr. Kent and Mr. Antwine had found the footage. The documentary also includes video footage of Martin Luther King, Jr.'s visits to Shreveport in the late 1950s and early 1960s, which Mr. Kent and Mr. Antwine found in the KSLA archives at LSUS. KSLA broadcast two news reports about the documentary and Martin Luther King's visits to Shreveport.[5]

Plaintiff further complains that Shreveport Mayor Cedric Glover and the mayor's administrative assistant, Burnadine Anderson, somehow negatively impacted the Plaintiff's film company (Human Utilities Whole Armour). From what this Court can discern from the Complaint, Mayor Glover and Ms. Anderson knew about the fact that Plaintiff had discovered the video footage and assisted the other Defendants through a conspiracy. Plaintiff further alleges that the mayor and his assistant somehow failed to recognize the Plaintiff's film company and its beneficial economic

---

[4] Defendant KSLA submits a copy of the U.S. Copyright Office's registration record for Plaintiff's film in support of its special motion to strike. *See* Doc. 27, Exh. B.

[5] Doc. 27-1. The first News Report was broadcast on February 23, 2013 and the second News Report was broadcast on March 1, 2013.

impact. Plaintiff also contends that Mayor Glover refused to spur economic growth in the Lakeside/Allendale area of Shreveport.

On February 20, 2014, Plaintiff filed suit against nine Defendants: KSLA, Raycom Media, Mr. James Smith (Vice President and General Manager of KSLA), Ms. Jayne Ruben (news director at KSLA), Domonique Benn (news anchor/reporter at KSLA), Mr. Kent, Mr. Antwine, Shreveport Mayor Cedric Glover and the mayor's administrative assistant, Burnadine Anderson.[6] The Complaint attempts to assert 14 counts of federal and state constitutional and statutory violations. In short, Plaintiff asserts that the Defendants have (1) denied his Commerce Clause, First, Ninth, and Fourteenth Amendment rights; (2) violated the Sherman, Clayton, and Federal Commission Antitrust Acts; (3) violated his civil rights pursuant to 42 U.S.C. § 1983; (4) committed copyright infringement; (5) violated the Unfair Trade Practices Act; (6) violated his rights pursuant to the Louisiana Constitution; (7) committed fraud; and (8) malfeasance in office.[7] The Plaintiff attempts to link all of the Defendants to each of the 14 Counts by asserting that the Defendants were part of an unexplained conspiracy. One of his recurring lines explaining the conspiracy is the following: "All defendants could reasonable forsee [sic] the effects on Rogers and HU and willfully planned the same in their quest to injure the business reputation of HU and the conspiracy to injure another in trade, business and reputation, tortuous interference with a business expectancy."[8]

## II. LAW AND ANALYSIS

**1. Standard of Law: Federal Rule of Civil Procedure 12(b)(6).**

---

[6] Doc. 1 (Complaint).

[7] *Id.*

[8] *Id.* at p. 30.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 555. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (quoting *Twombly*, 127 S.Ct. at 1964–65).

This Court duly notes that Plaintiff is proceeding *pro se*. "*Pro se* pleadings must be treated liberally, and dismissal under Rule 12(b)(6) is generally disfavored." *Browder v. XTO Energy, Inc.*, No. 5:11-cv-01428, 2013 WL 956920 at *1 (W.D. La. Mar. 12, 2013). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)(internal quotations omitted).

## 2. Overview of Plaintiff's Claims.

The Complaint is a quintessential "shotgun" pleading.[9] It is 42 pages long. The Complaint names nine Defendants, and all Defendants seem to be charged in each Count. Plaintiff's Complaint attempts to assert 14 counts of federal and state constitutional and statutory violations, but the Complaint fails to state a claim upon which relief may be granted as to any of them. The Complaint is replete with conclusory allegations that the Defendants engaged in certain conduct, making no distinction among the nine Defendants charged except for an incomprehensible conspiracy link argument. The Complaint is also loaded with rambling irrelevancies.

After a thorough review of Plaintiff's Complaint, this Court readily concludes that the Complaint does not allege "enough facts to state a claim to relief that is plausible on its face" to satisfy the *Twombly* standard. *See Twombly*, 550 U.S. 544, 570. Indeed, even when viewing the Complaint in the most favorable light to the *pro se* Plaintiff, there is not even enough information alleged in Plaintiff's Complaint to allow this Court to draw so much as a reasonable inference that any of the Defendants are liable for any misconduct. *See Iqbal*, 556 U.S. at 678. The Complaint contains broad and conclusory allegations devoid of facts sufficient to survive this motion. At the end of the day, Plaintiff has unequivocally failed to meet the minimum pleading standards required by the Federal Rules of Civil Procedure. The Plaintiff's Complaint is nothing but "an unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has said is inadequate. *Id.*

This Court notes that it would be a complete waste of the Court's time and resources to

---

[9] A shotgun pleading is one that sets forth an excessive number of facts and then asserts in a conclusory fashion that each of those facts supports a number of legal claims, with the result that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. *Martin v. Tesoro Corp.*, 2:11 CV 1413, 2012 WL 1866841 (W.D. La. May 21, 2012).

thoroughly address each of Plaintiff's 14 Counts. The Counts range from mystifying to indecipherable. As the Seventh Circuit has aptly noted, the Federal Rules of Civil Procedure provide that "federal judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation ... should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003). The Fifth Circuit agrees. *See Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299-300 (5th Cir. 2006) (unpubl.).

The motions to dismiss before the Court provide an effective vehicle for complete dismissal of this case. The Court agrees with the reasons urged in support of the pending motions to dismiss. This Court further concludes that allowing the Plaintiff to amend his Complaint would be futile because of its undeniably frivolous nature. The toleration of complaints such as this one does great disservice to the administration of civil justice. Nevertheless, and in an abundance of caution, this Court will briefly address the copyright infringement claim and the conspiracy link.

### 3. Plaintiff Does Not State A Claim For Copyright Infringement.

The centerpiece of Plaintiff's suit is his copyright infringement claim. In brief, Plaintiff has failed to state a claim for copyright infringement. Here, Plaintiff is not the author of and does not own the materials in the LSUS archives and has no copyright or other rights in those materials. Copyright protects a person's interest in "original works of authorship." 17 U.S.C. § 102. An author is a person "to whom anything owes its origin; originator; maker; one who completes a work of science or literature." *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 58 (1884); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir. 1981). In the instant case, Plaintiff does not allege that he was the "author" or the "maker" of the photographs or video footage that he allegedly

found in the LSUS archives.

Moreover, Plaintiff has failed to show ownership of a valid copyright and actionable copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 414 (5th Cir.2005). Again, Plaintiff is not the author of and does not own the materials in the LSUS archives and has no copyright or other rights in those materials. For these reasons, the Defendants' motion to dismiss on this claim must be granted.

### 4. The Conspiracy Link.

The Plaintiff attempts to link all of the Defendants to each of the 14 counts by asserting that the Defendants were part of an unexplained conspiracy.[10] Generally, to withstand dismissal of a Section 1983 conspiracy claim, a plaintiff must plead "specific facts, not merely conclusory allegations." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir.1986). Here, Plaintiff's asserted conspiracy scenario is not only factually unsupported, it is also frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). The Plaintiff has not alleged facts to support his conclusory allegation that KSLA or any of the Defendants were somehow co-conspirators with Mayor Glover or any other government official.

### III. CONCLUSION

Having considered the motions, the responses, the pleadings, the entire record, and the

---

[10] Specifically, the Plaintiff inserts a conspiracy line under each Count. For instance, under the Civil Rights Act claim (Count 6), Plaintiff asserts the following: "All defendants could reasonable forsee [sic] the effects on Rogers and HU and willfully planned the same in their quest to injure the business reputation of HU and the conspiracy to injure another in trade, business and reputation, tortuous interference with a business expectancy." Doc. 1 at p. 30. Plaintiff appears to have copied and pasted this conspiracy line and he inserts the line into most of the other Counts.

applicable law, this Court concludes that Plaintiff fails to state a claim upon which relief may be granted as to any of his 14 Counts. There are no plausible claims against any Defendant. Specifically, (1) the motion to dismiss for failure to state a claim filed by Defendant Joseph David Kent [Doc. 19] is **GRANTED**; (2) the motion to dismiss for failure to state a claim filed by Defendant Timothy Dewayne Antwine [Doc. 20] is **GRANTED**; (3) the motion to dismiss for failure to state a claim filed by Defendants Raycom Media, Inc., James Smith, Jayne Ruben, Domonique Benn and KSLA License Subsidiary, LLC is **GRANTED** and the special motion to strike is **DENIED** as moot [Docs. 27, 28]; (4) the motion to dismiss for failure to state a claim filed by Defendants Mayor Cedric Glover and Burnadine Anderson [Doc. 29] is **GRANTED**; and (5) the motion to strike filed by Plaintiff [Doc. 39] is **DENIED** as moot. In sum, the motions to dismiss are **GRANTED** and Plaintiff's suit is **DISMISSED WITH PREJUDICE** and the motions to strike are **DENIED** as moot. Ultimately, this case is dismissed in its entirety.[11]

**IT IS FURTHER ORDERED** that Plaintiff be **SANCTIONED** and prohibited from filing any new civil action in this District without prior approval by and authorization of the Chief Judge of this District.[12]

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this the 2 day of September, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[11] Plaintiff's Motion for Leave to File Excess Pages is **DENIED** as moot. *See* Doc. 34.

[12] This Court notes that Plaintiff filed a lawsuit in the past seeking $15 million in damages based upon the "psychological and financial tyranny" of the Department of Education. The Fifth Circuit dismissed his appeal as frivolous. *Rogers v. U.S. Dep't of Educ.*, 8 F.3d 22 (5th Cir. 1993).