UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EDGAR L. ROGERS                         CIVIL ACTION NO. 14-cv-0425

VERSUS                                  JUDGE WALTER

RAYCOM MEDIA, INC., ET AL               MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Edgar Rogers ("Plaintiff"), who is self-represented, filed this civil action against several defendants for 14 counts of alleged federal and state law violations. He alleges that he produced a motion picture about Booker T. Washington High School and included historic photographs and video footage that he found in the LSU-S library. He complains that local television station KSLA and related defendants violated copyright law when they aired portions of another film that also made use of the footage from the library.

Judge Walter granted a number of motions to dismiss filed by the defendants. He found that the copyright claim against the KSLA defendants was meritless because Plaintiff did not show ownership of a valid copyright to the materials in the LSU-S archives. Plaintiff's complaint was dismissed and, with an observation that Plaintiff had filed a previous frivolous suit, Judge Walter ordered that Plaintiff be prohibited from filing any new civil action without prior approval from the chief judge. Before the court is a Motion for

Attorney Fees (Doc. 49) by the KSLA defendants. For the reasons that follow, it is recommended the motion be denied as untimely.

**Analysis**

Federal Rule of Civil Procedure 54(b) provides that a claim for attorney's fees and related expenses must be made by motion no later than 14 days after the entry of judgment unless a statute or court order provides otherwise. This court's Local Rule 54.3 allows a prevailing party who claims costs to serve an application to have the costs taxed "[w]ithin 30 days after receiving notice of entry of judgment." The Fifth Circuit has held that this rule is a court order that extends the period in Rule 54 for filing a motion for fees. Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999); Jones v. Central Bank, 161 F.3d 311 (5th Cir. 1998).

The clerk of court entered the judgment on September 9, 2014. Counsel for the KSLA defendants received notice of that entry on the same day through the court's electronic notification system. Any motion for fees was due within 30 days, or by October 9, 2014. The KSLA defendants filed their motion on October 15, 2014, six days after the deadline.

The KSLA defendants did not file a motion for extension of time before or after the deadline. They also did not acknowledge the untimeliness in their late-filed motion for fees. Plaintiff, in his memorandum in opposition, was the first to point out the untimeliness. The KSLA defendants then filed a reply, conceded that their motion was untimely, and asked the court to overlook the untimeliness based on the excusable neglect standard of Fed. R. Civ. Proc. 6(b).

Rule 6(b) states that when an act must be done within a specified time, the court may, for good cause, extend the time with or without motion if the court acts, or a request is made, before the original time expires. That provision is inapplicable because no request was made within the allowed 30 days. The rule also provides that the court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b)(1)(B). The KSLA defendants have not made a motion as referenced in the rule, but the court will nonetheless consider the request that they raised for the first time in their reply memorandum.

The determination of whether excusable neglect has been shown is an equitable one, taking account of all the relevant circumstances surrounding the party's omission. Relevant factors include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on the proceedings, the reason for the delay (including whether it was within the reasonable control of the movant), and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489 (1993). The Supreme Court said in Pioneer, "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect ... ." Id. 113 S.Ct. at 1496. Nevertheless, excusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. Id.; Texas Department Housing and Community Affairs v. Verex Assur., Inc., 158 F.3d 585 (5th Cir. 1998) (unpublished) (applying Pioneer to Rule 6(b)).

Plaintiff would not be prejudiced if the court granted the extension; the KSLA defendants stated in an early letter to Plaintiff that they would seeks attorney fees if he did not dismiss the complaint. Docs. 17. Their motions to dismiss also stated that they wanted statutory fees if they prevailed on the copyright or civil rights claims asserted against them. Docs. 27 and 28. The delay in filing the motion for fees was relatively short, and there is no indication KSLA acted in bad faith.

The final factor, and the most important to the undersigned, is the reason for the delay. The KSLA defendants were represented by lead counsel Mary Ellen Roy and staff attorney Dan Zimmerman. Mr. Zimmerman, who has signed all of the filings for the KSLA defendants, states that the reason for the motion being untimely is simply "the 'inadvertence, mistake, or carelessness' of undersigned counsel." He adds that lead counsel's mother died on September 10, 2014 and, "given that the Plaintiff was proceeding in *forma pauperis*, the matter of attorneys' fees was inadvertently forgotten." That is the full extent of the explanation offered for the delay.

It is first noted that Plaintiff is not proceeding in forma pauperis. The docket sheet indicates that he paid the $400 filing fee in full. Perhaps movants were indicating that they initially did not consider moving for fees because of the relative difficulty of collecting an award from an individual in a case of this nature. But that is merely speculation because the movants did not provide a clear explanation.

The court is sympathetic to the loss of lead counsel's mother just after judgment was entered, but Mr. Zimmerman was still on the case, he had apparently handled most of the

litigation, and he did not explain why he could not have (1) filed a timely motion for fees or (2) filed a motion for extension of time before the deadline expired. The court would almost certainly have granted an extension of the deadline if the movants had filed a timely motion and articulated reasonable grounds. But the circumstances are now different. The movants waited until after the deadline, then filed their motion for fees without disclosing that it was untimely.

Movants do not explain what happened that made them interested in pursuing fees after the matter was apparently forgotten. Perhaps counsel initially thought that pursuing such fees was likely a waste of time, but the client made a late request that such relief be sought. This is, again, merely speculation, which is all the court can do given the lack of a specific and frank explanation of what happened. Considering all of these relevant circumstances, the undersigned finds that the best exercise of the court's discretion in this matter is to find that the KSLA defendants have not met their burden of showing excusable neglect. Their motion for fees should be denied as untimely.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Attorney Fees (Doc. 49)** be **denied as untimely**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of April, 2015.

Mark L. Hornsby
U.S. Magistrate Judge